1   PAMELA E. COGAN (SBN 105089)
    ROBERT M. FORNI, JR. (SBN 180841)
2   ROPERS, MAJESKI, KOHN & BENTLEY
    1001 Marshall Street, Suite 300
3   Redwood City, CA 94063-2052
    Telephone:    (650) 364-8200
4   Facsimile:    (650) 780-1701
    e-mail: pcogan@ropers.com, rforni@ropers.com
5
    Attorneys for Defendant,
6   LIBERTY MUTUAL INSURANCE COMPANY
    (erroneously sued as LIBERTY MUTUAL
7   INSURANCE GROUP dba LIBERTY MUTUAL
    INSURANCE)
8

**FILED**

JUN ? ? 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-filing**

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11             SAN FRANCISCO DIVISION

**EMC**

12                                          **CV 08    3121**

JUSTINE FISHER, an individual, JOSE    CASE NO.
13  MARQUEZ, an individual,

                                         (Formerly Contra Costa County Superior Court
14             Plaintiffs,               Case No. MSC08-00565)

15  v.                                   **DEFENDANT LIBERTY MUTUAL
                                         INSURANCE COMPANY'S PETITION
16  LIBERTY MUTUAL INSURANCE             FOR REMOVAL OF CIVIL ACTION
    GROUP, a California corporation doing UNDER 28 U.S.C. § 1441(b) [DIVERSITY
17  business as LIBERTY MUTUAL           JURISDICTION]
    INSURANCE; CHRISTOPHER
18  TUCKER, D.C., an individual doing    **DEMAND FOR JURY TRIAL [Fed. R. Civ.
    business as LAMORINDA                Proc., Rule 38(a)]**
19  CHIROPRACTIC; and DOES 1 through
    100,
20
               Defendants.
21

22       **TO PLAINTIFFS JUSTINE FISHER AND JOSE MARQUEZ, THEIR**

23  **ATTORNEY OF RECORD, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

24       **PLEASE TAKE NOTICE** that defendant LIBERTY MUTUAL INSURANCE

25  COMPANY (erroneously sued as LIBERTY MUTUAL INSURANCE GROUP dba LIBERTY

26  MUTUAL INSURANCE) hereby removes to this Court the State Court action described below:

27       1.  On March 10, 2008, plaintiffs filed this action in the Superior Court for the State of

28  California in and for the County of Contra Costa, case number MSC08-00565, entitled *Justine*

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

*Fisher, Jose Marquez v. Liberty Mutual Insurance Group doing business as Liberty Mutual*

*Insurance, Christopher Tucker, D.C., doing business as Lamorinda Chiropractic, and Does 1*

*through 100.*

2. On May 28, 2008, plaintiff served by hand a Summons and the first page of the Complaint on the registered agent for service of process for defendant LIBERTY MUTUAL INSURANCE COMPANY (hereinafter "Liberty Mutual"). A true and correct copy of the Summons and part of the Complaint served on Liberty Mutual's registered agent for service of process are attached hereto as Exhibit "A." The documents set forth in Exhibit "A" constitute all of the process, pleadings and orders received by Liberty Mutual's registered agent for service of process.

3. On June 2, 2008, Liberty Mutual received another copy of the Complaint by fax, which was also incomplete in that it did not include the Exhibit "A" referenced in Paragraph 13 of the Complaint. A true and correct copy of the part of the Complaint that was served by fax on Liberty Mutual is attached hereto as Exhibit "B." The document set forth in Exhibit "B" constitute all of the pleadings received that Liberty Mutual received by fax on June 2, 2008.

4. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332. This action may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. section 1441, subdivision (b), because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between plaintiff and defendants. The determination of citizenship for diversity purposes is governed by federal rather than state law. See, Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group, 823 F2d 302, 304 (9th Cir 1987), overruled on other grounds, Partington v. Gedan, 923 F2d 686 (9th Cir 1991). The citizenship of defendants sued under fictitious names, such as "Doe" defendants, is disregarded for diversity jurisdiction purposes. 28 USC § 1441(a); Soliman v. Philip Morris, Inc., 311 F3d 966, 971 (9th Cir 2002).

5. This action arises from the denial of plaintiffs' claim for "medical payment" benefits under Policy No. AO2-268-401621-1057 ("the Policy"), a LibertyGuard Auto Policy issued by Liberty Mutual Fire Insurance Company to JUSTINE FISHER, a plaintiff in the above-captioned

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    action, which plaintiffs expressly incorporate by reference into their Complaint. (Complaint, ¶13,

2    Ex. "A.")  Plaintiffs allege that they incurred medical bills reflecting medical services provided to

3    them by Christopher Tucker, D.C., as a result of a motor vehicle accident on June 30, 2006, while

4    the Policy was in effect, and that those medical services were reasonable and necessary. (*See*,

5    Complaint ¶¶8, 9, 10.)

6         6.   Plaintiffs are allegedly citizens of the State of California. (*See*, Complaint ¶ 1.)

7         7.   At all times relevant to the Complaint in this action, Liberty Mutual has been and is a

8    corporation organized under the laws of the State of Massachusetts, with its principle place of

9    business in Boston, Massachusetts. (Declaration of James Pugh ("Pugh Decl."), ¶ 4.)  At all

10   times relevant to the Complaint in this action, Liberty Mutual's corporate headquarters and

11   corporate officers have been and are located in Boston, Massachusetts. (Pugh Decl., ¶4.)  Thus,

12   complete diversity exists between plaintiffs and Liberty Mutual. 28 U.S.C. §1332(a)(1)(C)(1).

13        8.   Although the Complaint names Christopher Tucker, D.C., as a defendant in this

14   action, he is in fact a nominal defendant whose interests align with those of plaintiffs in that both

15   Dr. Tucker and plaintiffs maintain that the disputed medical bills incurred by Dr. Tucker in the

16   course of treating plaintiffs were reasonable and necessary, and therefore should have been paid

17   by Liberty Mutual under the terms of the Policy.  Where "the interests of a party named as a

18   defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named

19   defendant <u>must</u> be realigned as a plaintiff for jurisdictional purposes. [Emphasis added.]" <u>Dolch</u>

20   <u>v. United Cal. Bank</u>, 702 F.2d 178, 181 (9th Cir. 1983); <u>see</u>, <u>Continental Airlines, Inc. v.</u>

21   <u>Goodyear Tire & Rubber Co.</u>, 819 F.2d 1519, 1523 (9th Cir. Cal. 1987).  Here, Dr. Tucker and

22   plaintiffs share the same interest in securing payment for Dr. Tucker's alleged medical bills by

23   Liberty Mutual under the Policy. <u>See</u>, <u>McAlpin v. RLI Ins. Co.</u>, 320 F. Supp. 2d 42, 43

24   (W.D.N.Y. 2004).  Consequently, Dr. Tucker must be realigned as a plaintiff for purposes of

25   determining diversity jurisdiction. <u>Id</u>.

26        9.   To sustain diversity jurisdiction there must exist an "actual," "substantial,"

27   controversy between citizens of different states, all of whom on one side of the controversy are

28   citizens of different states from all parties on the other side. <u>Indianapolis v. Chase Nat'l Bank</u>,

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    314 U.S. 63, 70 (1941).  Diversity jurisdiction cannot be conferred upon the federal courts by the

2    parties' own determination of who are plaintiffs and who are defendants.  Id.  Rather, the Court

3    must "'look beyond the pleadings and arrange the parties according to their sides in the dispute.

4    [Citation omitted.]'"  Id.  Whether parties align as plaintiffs or defendants turns on their "collision

5    of interests," which the Court must ascertain from the "principal purpose of the suit," and the

6    "primary and controlling matter in dispute."  Id.

7        10.  In this case, plaintiffs do not challenge the amount of the disputed medical bills that

8    Dr. Tucker allegedly incurred, or the services that he allegedly provided.  To the contrary,

9    plaintiffs maintain that the medical services Dr. Tucker allegedly provided were reasonable and

10   necessary to treat the injuries that plaintiffs allegedly suffered as a result of a "covered incident;

11   i.e., an automobile accident." (See, Complaint ¶¶8, 9, 10.)  Thus, the "principal purpose of the

12   suit" is to recover benefits from Liberty Mutual under the Policy, and the "primary and

13   controlling matter in dispute" is whether plaintiffs are entitled to any such benefits under the

14   Policy, not whether Dr. Tucker should discount or forgive the medical bills that plaintiffs

15   allegedly incurred.

16       11.  The matter in controversy exceeds $75,000, exclusive of interest and costs, because

17   plaintiffs seek past medical payment benefits as well as future medical payment benefits

18   continuing into the future until plaintiffs' have exhausted the maximum amount payable under the

19   Policy. (Complaint ¶ 18.)  Among other things, under the portion of the Policy captioned, "Part B

20   – Medical Payments Coverage," the Policy provides that, subject to the terms and conditions set

21   forth in the Policy, Liberty Mutual Fire Insurance Company "will pay reasonable expenses

22   incurred for necessary medical and funeral services because of 'bodily injury'" caused by

23   accident and sustained by an "insured," as that term is defined in the Policy.  (Declaration of

24   Holly Smith ("Smith Decl."), ¶ 3, Ex. "A.")  As shown in the Declaration corresponding to the

25   Policy, the maximum limit of Liberty Mutual Fire Insurance Company's liability for such medical

26   and funeral services under the Policy is $25,000 for each person injured in any one accident.

27   (Smith Decl., ¶ 3, Ex. "A.")

28       12.  In addition to contract benefits, plaintiffs also seek special damages in the amount of

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   their alleged "out-of-pocket expenses," as well as general damages for emotional distress and

2   anxiety, attorneys' fees, expenses, and costs of suit incurred. (Complaint, ¶¶19, 23, 24, 34, 35,

3   36.) A claim for attorneys' fees is included in determining the amount in controversy, regardless

4   of whether the fee award is mandatory or discretionary. Galt G/X v. JSS Scandinavia, 142 F.3d

5   1150, 1155-1156 (9th Cir. 1998); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th

6   Cir. 2000); Conrad & Asso. v. Hartford Accident and Indem. Co., 994 F.Supp. 1196, 1199 (N.D.

7   Cal. 1998).

8       13. In their Complaint, plaintiffs also seeks punitive damages (Complaint, ¶¶ 25, 26, 37,

9   38), which alone, coupled with the absence of any binding representation that plaintiff is seeking

10  less than the jurisdictional minimum, is sufficient to invoke diversity jurisdiction. See, Gibson v.

11  Chrysler Corp., 261 F.3d 927, 946 (9th Cir. 2001).

12      14. On June 24, 2008, Liberty Mutual requested that plaintiffs stipulate that they do not

13  seek to recover damages in excess of $75,000 in this action. (Declaration of Robert M. Forni, Jr.,

14  ("Forni Decl."), ¶4, Ex. "A.")

15      15. On June 26, 2008, plaintiff's counsel advised that he was unable to enter into any such

16  stipulation, and declined to stipulate that the amount in controversy is less than $75,000. (Forni

17  Decl., ¶5, Ex. "B.") Consequently, it is undisputed that the amount in controversy exceeds the

18  sum of $75,000, exclusive of interest and costs.

19      16. A copy of this Petition shall be contemporaneously filed in the office of the clerk for

20  the Superior Court of Contra Costa County.

21  Dated: June 27, 2008                   ROPERS, MAJESKI, KOHN & BENTLEY

22

23                                          By:
24                                             PAMELA E. COGAN
                                               ROBERT M. FORNI, JR.
25                                             Attorneys for Defendant LIBERTY
                                               MUTUAL INSURANCE COMPANY
26                                             (erroneously sued as LIBERTY MUTUAL
                                               INSURANCE GROUP dba LIBERTY
27                                             MUTUAL INSURANCE)

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5142570.1/RMF                    - 5 -            DEFENDANT'S PETITION FOR REMOVAL

# Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LIBERTY MUTUAL INSURANCE GROUP, a California
corporation doing business as LIBERTY MUTUAL
INSURANCE; CHRISTOPHER N. TUCKER, DC, an individual
doing business as LAMORINDA CHIROPRACTIC; and DOES 1
through 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JUSTINE FISHER, an individual; JOSE MARQUEZ, an
individual,

```
                    FOR COURT USE ONLY
                  (SOLO PARA USO DE LA CORTE)

                  FILED

              2008 MAR 10  A 11: 39

          K. TORRE, CLERK OF THE SUPERIOR COURT
              COUNTY OF CONTRA COSTA, CALIF.
          BY
                  C. Green, Deputy Clerk
```

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.    There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.    If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA

**CASE NUMBER:** *(Número del Caso):* **C 08-00565**

SUPERIOR COURT - MARTINEZ
725 COURT ST P.O. BOX 911
MARTINEZ CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ross A. Jurewitz (SBN 211226)                    (619) 233-5020
JUREWITZ LAW GROUP
501 W. Broadway, Suite 1780
San Diego, CA 92101

DATE:                    CLERK OF THE        Clerk, by  _____ C. Green _____ , Deputy
*(Fecha)*  **MAR 10 2008**   SUPERIOR COURT    *(Secretario)*                                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* *Liberty Mutual Insurance Group.*

    under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 5/28/08

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions CA Plus

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ross A. Jurewitz (SBN 211226)<br>JUREWITZ LAW GROUP<br>501 West Broadway, Suite 1780<br>San Diego, CA 92101 | **FILED** |

TELEPHONE NO.: (619) 233-5020    FAX NO.: (888) 233-3180

ATTORNEY FOR *(Name):* Justine Fisher and Jose Marquez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
SUPERIOR COURT - MARTINEZ
STREET ADDRESS:
MAILING ADDRESS: 725 COURT ST. P.O. BOX 911
CITY AND ZIP CODE: MARTINEZ, CA 94553
BRANCH NAME:

2008 MAR 10 A II: 39

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CAL.
BY_____

CASE NAME:
Fisher, et. al. v. Liberty Mutual Insurance Group, et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: C 08 00565 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☑ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Breach of contract, bad faith, fraud, declaratory relief
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 6, 2008
Ross A. Jurewitz
_____                    _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

Ross A. Jurewitz (SBN 211226)
JUREWITZ LAW GROUP
501 West Broadway, Suite 1780
San Diego, CA 92101
Telephone: (619) 233-5020
Facsimile: (888) 233-3180

Attorneys for Plaintiffs,
JUSTINE FISHER and JOSE MARQUEZ

FILED

2008 MAR 10  A 11: 39

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

BY: _____
C. Green, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF CONTRA COSTA, ~~WALNUT CREEK DIVISION~~

| | |
|---|---|
| JUSTINE FISHER, an individual; JOSE MARQUEZ, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> LIBERTY MUTUAL INSURANCE GROUP, a California corporation doing business as LIBERTY MUTUAL INSURANCE; CHRISTOPHER N. TUCKER, DC, an individual doing business as LAMORINDA CHIROPRACTIC; and DOES 1 through 100, <br><br> Defendants. | Unlimited Civil <br> Case No.:  **C 08 - 00565** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Breach of Contract;** <br> 2. **Breach of Implied Covenant of Good Faith and Fair Dealing;** <br> 3. **Common Law Fraud; and** <br> 4. **Declaratory Relief.** <br><br> PER LOCAL RULE 5 THIS <br> CASE IS ASSIGNED TO <br> DEPT _____ |

## BACKGROUND ALLEGATIONS

1.    At all relevant times herein, Plaintiffs JUSTINE FISHER and JOSE MARQUEZ (hereinafter "Plaintiffs") were and are residents of the City of Moraga, County of Contra Costa, in the State of California. At all relevant times herein, Plaintiffs resided within the judicial district of the Walnut Creek Division so as to make venue appropriate there.

2.    Plaintiffs are informed and believe and thereupon allege that at all relevant times herein

---

COMPLAINT - 1

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

FISHER VS LIBERTY MUTUAL

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC08-00565

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  07/28/08        DEPT:  02        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                        SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.        C. Green

Dated:  03/10/08        _____

                        CATHRYN GREEN, Deputy Clerk

**Superior Court of California, County of Contra Costa**

# NOTICE TO DEFENDANTS
In <u>Unlimited Jurisdiction</u> Civil Actions

<u>YOU ARE BEING SUED</u>. The packet you have been served should contain:

  a.   The Summons

  b.   The Complaint

  c.   The Notice of Case Management (shows hearing date and time)

  d.   <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)

  e.   <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

  f.   Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c)

---

 ## WHAT DO I DO NOW? 

<u>You must:</u>

1. **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the *Case Management Statement* (CM-110)**

3. **File and serve your court papers on time**   Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**   by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that <u>must</u> be filed at the court within <u>60</u> days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial**   If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *<u>Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days</u>* can be filed with your other papers.  For more information read the enclosed ADR information, visit <u>www.cc-courts.org/adr</u>, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

<u>**COURT FEES:**</u>  You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [Information sheet]; FW-001 [application]; and FW-003 [order].

<u>**COURT FORMS:**</u>  Buy forms at the Forms Window in the Family Law Building or download them for free at: <u>www.courtinfo.ca.gov/forms/</u>

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
                        Plaintiff(s)
            vs.

_____

_____
                        Defendant(s)

**_Stipulation and Order_ to Attend ADR and Delay**
**_First Case Management Conference 90 Days_**

Case No.:_____  Date complaint filed: _____   First case management conference set for: _____

---

▸ <u>ALL PARTIES MUST SIGN THIS FORM</u> AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE

▸ PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL:  P.O. BOX 911, MARTINEZ, CA 94553

▸ THIS STIPULATION <u>MAY NOT</u> BE USED IN COMPLEX LITIGATION CASES

---

**Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:**

❏  Judicial mediation        ❏  Judicial arbitration        ❏  Neutral case evaluation

❏  Private mediation         ❏  Private arbitration

### COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:

1. This is not a complex civil case (as described in California Rules of Court, Rule 3.400);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

| | | | |
|---|---|---|---|
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) <u>Plaintiff's counsel must notify all parties of the case management conference.</u>

Dated: _____        _____
                                       *Judge of the Superior Court*



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

### *Questions?* Call (925) 957-5787, or go to www.cc-courts.org/adr

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

# Exhibit B

Ross A. Jurewitz (SBN 211226)
JUREWITZ LAW GROUP
501 West Broadway, Suite 1780
San Diego, CA 92101
Telephone: (619) 233-5020
Facsimile: (888) 233-3180


Attorneys for Plaintiffs,
JUSTINE FISHER and JOSE MARQUEZ


## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF CONTRA COSTA, WALNUT CREEK DIVISION

| | |
|---|---|
| JUSTINE FISHER, an individual; JOSE MARQUEZ, an individual, | **Unlimited Civil**<br>**Case No.:** |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **Breach of Contract;**<br>2. **Breach of Implied Covenant of Good Faith and Fair Dealing;**<br>3. **Common Law Fraud; and**<br>4. **Declaratory Relief.** |
| LIBERTY MUTUAL INSURANCE GROUP, a California corporation doing business as LIBERTY MUTUAL INSURANCE; CHRISTOPHER N. TUCKER, DC, an individual doing business as LAMORINDA CHIROPRACTIC; and DOES 1 through 100, | |
| Defendants. | |

## BACKGROUND ALLEGATIONS

1.    At all relevant times herein, Plaintiffs JUSTINE FISHER and JOSE MARQUEZ (hereinafter "Plaintiffs") were and are residents of the City of Moraga, County of Contra Costa, in the State of California. At all relevant times herein, Plaintiffs resided within the judicial district of the Walnut Creek Division so as to make venue appropriate there.

2.    Plaintiffs are informed and believe and thereupon allege that at all relevant times herein

1   Defendant LIBERTY MUTUAL INSURANCE GROUP (hereinafter "LIBERTY MUTUAL") was and

2   is a business entity, form unknown, doing business in the City of Walnut Creek, County of Contra

3   Costa, and State of California, and that said Defendant is obligated to Plaintiffs under a policy of

4   insurance sold by said Defendant in the City of Moraga, County of Contra Costa, in the State of

5   California.

6       3.     Plaintiffs are informed and believe and thereupon allege that at all times relevant herein

7   Defendant CHRISTOPHER N. TUCKER, DC was an individual doing business as LAMORINDA

8   CHIROPRACTIC (hereinafter "TUCKER") in the City of Lafayette, County of Contra Costa, and State

9   of California.

10      4.     Plaintiffs are unaware of the true names and capacities of defendants sued herein as

11   DOES 1 through 100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs

12   are informed and believe and thereupon allege that at all relevant times each of the DOE defendants was

13   responsible in some manner for the acts, omissions and/or occurrences herein alleged and plaintiffs'

14   damages were proximately caused thereby. Plaintiffs will seek leave to amend this complaint to allege

15   the true names and capacities of the DOE defendants after they have been ascertained.

16      5.     Plaintiffs are informed and believe and thereupon allege that at all relevant times, each

17   defendant was the agent, employee, representative, partner, parent company, subsidiary or affiliate of

18   each or all of the other defendants and was acting, or did act, within the authority of such agency,

19   employment, representation, partnership or corporate affiliation while doing or omitting to do the acts

20   alleged herein and with the permission, approval, consent and/or ratification of all other defendants. The

21   allegations against each defendant incorporate by reference the allegations against each DOE defendant.

22                                   **SUMMARY OF COMPLAINT**

23      6.     This action arises from LIBERTY MUTUAL's wrongful and fraudulent denial of a first-

24   party insurance claim submitted to LIBERTY MUTUAL under the terms of a "Liberty Mutual

25   Automobile Policy" sold to and paid for by Plaintiff JUSTINE FISHER (hereinafter "FISHER"), and to

26   which Plaintiff JOSE MARQUEZ (hereinafter "MARQUEZ") was considered an "additional insured"

27   under the terms of the policy.

28      7.     Apparently recognizing there is a lucrative market of automobile owners who would like

1  to insure themselves, their passengers, and others injured in automobile accidents from incurring certain

2  medical care costs, on or about June 19, 2006, LIBERTY MUTUAL marketed and sold to FISHER a

3  written "Liberty Mutual Automobile Policy," which expressly provides for "medical payment"

4  coverage, regardless of fault for the cause of the accident, to the named insured, their passengers, and

5  any other additional insureds under the terms of the policy.  Under the terms of the Policy, LIBERTY

6  MUTUAL would pay for "reasonable and necessary" medical treatment resulting from a covered

7  incident, i.e., an automobile accident.  FISHER increased the amount of coverage under the Policy to

8  $25,000 and paid and maintained all payments due under the Policy.

9       8.    On or about June 30, 2006, Plaintiffs were involved in a motor vehicle accident while

10  operating a motor vehicle insured under the LIBERTY MUTUAL Policy.  As a result of the accident,

11  Plaintiffs were injured in their person, required medical treatment, sought medical treatment, and

12  attempted to utilize the "medical payment" provision of the LIBERTY MUTUAL Policy to pay for said

13  medical treatment.

14       9.    Beginning on or about July 5, 2006 and continuing until approximately February 5, 2007,

15  Plaintiffs sought and received medical and chiropractic treatment from Defendant TUCKER for their

16  injuries resulting from the aforementioned motor vehicle accident.  Plaintiffs did not seek, nor did they

17  receive, any medical or chiropractic treatment from TUCKER other than for said accident related

18  injuries.  Plaintiffs further provided TUCKER with the LIBERTY MUTUAL Policy information and

19  requested that all bills for treatment be submitted for payment under the "medical payment" coverage of

20  said Policy.

21      10.    Despite the fact that Plaintiffs presented claims of medical payments due to TUCKER for

22  his services provided to Plaintiffs for reasonable and necessary medical treatment resulting from the

23  underlying automobile accident, on or about March 9, 2007, LIBERTY MUTUAL denied Plaintiffs'

24  claims under the Automobile Policy, in part, claiming that there was no coverage for medical treatment

25  after six weeks from the date of the accident and any subsequent medical treatment was determined not

26  to be "reasonable and necessary."  At the time LIBERTY MUTUAL made said representation,

27  LIBERTY MUTUAL knew said representation was false and that the subject "Liberty Mutual

28  Automobile Policy" was designed to provide "medical payment" coverage for said claims.

11.     Plaintiffs are informed and believe, and on that basis allege, LIBERTY MUTUAL has instituted a company-wide policy of denying any and all claims under its "Liberty Mutual Automobile Policies" by falsely asserting that coverage does not exist for "medical payment" claims for medical or chiropractic treatment received more than six weeks after a subject accident. Plaintiffs are further informed and believe, and on that basis allege, that LIBERTY MUTUAL's company-wide policy of denying any and all claims under its "Liberty Mutual Automobile Policy," by asserting that coverage under said "Liberty Mutual Automobile Policy" does not exist for "medical payment" claims for medical or chiropractic treatment received more than six weeks after a subject accident by arguing that said treatment is patently not "reasonable and necessary", has been approved and ratified by LIBERTY MUTUAL's upper-level management and, despite having repeatedly been forced to acknowledge that LIBERTY MUTUAL's company-wide policy is wrongful and fraudulent, LIBERTY MUTUAL continues to knowingly and fraudulently contend that coverage under said "Liberty Mutual Automobile Policy" does not exist for "medical payment" claims for medical or chiropractic treatment received more than six weeks after a subject accident.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

### (Against Defendants LIBERTY MUTUAL and Does 1-20, Only)

12.     Plaintiffs hereby incorporate by reference paragraphs 1-11 as though fully set forth herein.

13.     At all relevant times herein mentioned, Plaintiffs, as the named insured and additional insured, had in full force and effect a written "Liberty Mutual Automobile Policy," number A02-268-401621-106 (a copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference) issued by Defendants which provided automobile insurance coverage, including "medical payment" coverage, for the above reference loss.

14.     Plaintiffs have paid all premiums due under said "Liberty Mutual Automobile Policy" to Defendants, and each of them, and have performed all obligations under the terms of the Liberty Mutual Automobile Policy on Plaintiffs' part to be performed.

15.     Between July 5, 2006 and February 5, 2007, Plaintiffs received medical and chiropractic

---

treatment from TUCKER for injuries arising from the subject accident and provided their Liberty
Mutual Automobile Policy information to TUCKER for billing against the "medical payment"
provisions of the Policy.

16.     On or about March 9, 2007, Defendant LIBERTY MUTUAL denied, in part, Plaintiffs'
claim for payment of TUCKER's medical bills submitted relating to the subject accident. At the time
LIBERTY MUTUAL made said representation, LIBERTY MUTUAL knew said representation was
false and that the subject "Liberty Mutual Automobile Policy" was designed to provide "medical
payment" coverage for the subject loss.

17.     As a result of LIBERTY MUTUAL's false representation to Plaintiffs, that no insurance
coverage was available to Plaintiffs under the subject Liberty Mutual Automobile Policy for part of the
medical bills incurred by Plaintiffs, Defendants, and each of them, have breached their contractual
obligations under the subject Automobile Policy issued to Plaintiffs by unreasonably failing to provide
coverage and/or compensation for said loss which is compensable under the terms of said Automobile
Policy.

18.     As a direct and/or proximate result of Defendants' breach, Plaintiffs have suffered and
will continue to suffer substantial economic losses in the form of denied policy benefits in an amount to
be determined at the time of trial, but in any event, said sum will be in excess of the jurisdictional limits
of the above-entitled court.

19.     As a further direct and/or proximate result of Defendants' breach, as alleged herein,
Plaintiffs have sustained other and additional financial losses and incidental out-of-pocket expenses in
an amount to be proven at the time of trial and which are additional amounts due under the Liberty
Mutual Automobile Policy.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

### (Against Defendants LIBERTY MUTUAL and Does 1-20, Only)

20.     Plaintiffs hereby incorporate by reference paragraphs 1-19 as though fully set forth
herein.

21.     Implied in the Liberty Mutual Automobile Policy which Plaintiffs purchased from

---

1   Defendants was an implied covenant by Defendants that they would act in good faith and deal fairly

2   with Plaintiffs and would do nothing to interfere with Plaintiffs' right to receive the benefits of the

3   insurance agreement.

4        22.     Defendants, and each of them, breached their duty of good faith and fair dealing when

5   defendants unreasonably and without proper cause refused to pay Plaintiffs' legitimate insurance claim,

6   as alleged above.

7        23.     The denial of Plaintiffs' claim by Defendants was done without reasonable cause and in

8   bad faith. Defendants were aware of their duty to pay Plaintiffs' claim, yet unreasonably refused to

9   provide such coverage and unreasonably and/or fraudulently refused to honor Plaintiffs' claim. As a

10  direct and proximate result of the unreasonable and/or fraudulent conduct of Defendants, and each of

11  them, Plaintiffs have suffered among other things, mental and emotional distress, including anger,

12  frustration, anxiety, worry and humiliation, and other extra-contractual special and compensatory

13  damages as well as other incidental out-of-pocket expenses, in an amount to be proven at the time of

14  trial, but in any event in excess of the jurisdictional limits of the above-entitled court.

15       24.     As a further direct proximate result of Defendants' unreasonable and/or fraudulent denial

16  of Plaintiffs' claim, Plaintiffs have been forced to retain legal counsel to obtain the benefits due them

17  under the terms of the Travelers Homeowners Policy and, therefore, Plaintiffs have sustained, and will

18  continue to sustain, further economic damages in the form of attorney's fees and costs in an amount to

19  be shown at the time of trial. Said claim for attorney's fees is allowed under well-established California

20  case law where it is shown that the insurer unreasonably denied policy benefits. Attorney's fees

21  reasonably incurred by an insured to enforce payment of benefits due under an insurance policy are

22  recoverable damages pursuant to cases such as <u>Brandt v. Sup.Ct. (Standard Ins. Co.)</u>, (1985) 37 Cal.3d

23  813, 817, and <u>Campbell v. Cal-Gard Sur. Services</u>, (1998) 62 Cal.App.4th 563, 571-572.

24       25.     In doing the acts complained of within this cause of action and as a result of such acts as

25  stated and defined hereinabove, defendants acted with malice, fraud, or oppression, thereby justifying

26  and/or requiring an award of prejudgment interest in such amount to be proven at trial in accordance

27  with California Civil Code §3288.

28       26.     In doing the acts complained of within this cause of action and as a result of such acts as

1    stated and defined hereinabove, defendants acted with malice, fraud, or oppression, justifying and/or

2    requiring an award of punitive damages in such amount to be proven at trial in accordance with

3    California Civil Code §3294.

### THIRD CAUSE OF ACTION

#### (Common Law Fraud)

#### (Against Defendants LIBERTY MUTUAL and Does 1-20, Only)

7        27.    Plaintiffs hereby incorporate by reference paragraphs 1-26 as though fully set forth

8    herein.

9        28.    Prior to June 2006, Defendants and each of them, by and through their authorized agents

10   and employees, made written and oral promises to Plaintiffs which were contained in the policy, that in

11   the event Plaintiffs suffered a sudden and accidental loss to the interior surfaces of Plaintiffs' insured

12   condominium, Defendants would provide insurance benefits in accordance with the terms of the subject

13   Liberty Mutual Automobile Policy.

14       29.    Defendants, and each of them, made said promises for the purpose of inducing Plaintiffs

15   to enter into said policy of insurance and to pay premiums thereon. Plaintiffs relied upon said promises,

16   entered into said insurance contract, paid premiums thereon and, believing Defendants would provide

17   the insurance coverage that was promised, Plaintiffs refrained from procuring insurance coverage from a

18   less dishonest insurer.

19       30.    Defendants, despite their representations to the contrary, never at any time intended to

20   comply with those representations and, in fact, consistently refused to do so, and thereby made said

21   promises with the intent to defraud plaintiffs. Plaintiffs, unaware of Defendants' fraudulent intent not to

22   perform said promises, relied upon said promises and entered into said contract of insurance and paid

23   premiums thereon. At all times, Defendants held themselves out as legitimate providers of insurance

24   and/or insurance services. Under the circumstances, Plaintiffs' reliance upon said false promises was

25   reasonable.

26       31.    Despite the fact that Plaintiffs' loss presented a classic case of a situation under which the

27   "Liberty Mutual Automobile Policy" was designed to provide primary coverage, LIBERTY MUTUAL

28   denied Plaintiffs' claim for said loss by falsely and fraudulently advising Plaintiffs that the Liberty

1    Mutual Automobile Policy provided no coverage for the loss. At the time LIBERTY MUTUAL made

2    said representation, LIBERTY MUTUAL knew said representation was false and that the subject

3    Liberty Mutual Automobile Policy was designed to provide primary coverage.

4         32.    Plaintiffs are informed and believe, and on that basis allege, LIBERTY MUTUAL has

5    instituted a company-wide policy of denying any and all claims under its "Liberty Mutual Automobile

6    Policies" by falsely asserting that coverage does not exist for "medical payment" claims for medical or

7    chiropractic treatment received more than six weeks after a subject accident. Plaintiffs are further

8    informed and believe, and on that basis allege, that LIBERTY MUTUAL's company-wide policy of

9    denying any and all claims under its "Liberty Mutual Automobile Policy," by asserting that coverage

10   under said "Liberty Mutual Automobile Policy" does not exist for "medical payment" claims for

11   medical or chiropractic treatment received more than six weeks after a subject accident by arguing that

12   said treatment is patently not "reasonable and necessary", has been approved and ratified by LIBERTY

13   MUTUAL's upper-level management and, despite having repeatedly been forced to acknowledge that

14   LIBERTY MUTUAL's company-wide policy is wrongful and fraudulent, LIBERTY MUTUAL

15   continues to knowingly and fraudulently contend that coverage under said "Liberty Mutual Automobile

16   Policy" does not exist for "medical payment" claims for medical or chiropractic treatment received more

17   than six weeks after a subject accident.

18        33.    Plaintiffs further allege that LIBERTY MUTUAL company management is aware of and

19   has knowledge that its company-wide policy (of denying any and all claims under its "Liberty Mutual

20   Automobile Policies" by falsely asserting that coverage does not exist for "medical payment" claims for

21   medical or chiropractic treatment received more than six weeks after a subject accident) is wrongful and

22   fraudulent, but nonetheless continues to implement said policy in conscious disregard for the fraudulent

23   nature of said policy as a means of defrauding thousands of LIBERTY MUTUAL automobile owners

24   out of millions of dollars in policy benefits. LIBERTY MUTUAL's conduct and company-wide policy

25   (of denying any and all claims under its "Liberty Mutual Automobile Policies" by falsely asserting that

26   coverage does not exist for "medical payment" claims for medical or chiropractic treatment received

27   more than six weeks after a subject accident) is instituted by LIBERTY MUTUAL on a regular basis

28   and as a common business practice. Plaintiffs, by and through their counsel, are aware of numerous

other such cases involving identical denials under LIBERTY MUTUAL's "Automobile Policy" and nearly identical factual situations for which LIBERTY MUTUAL has employed the same or similar fraudulent claims practices, including similar claims brought by Plaintiffs' neighbors arising from the same claim made by the HOA.

34.    As a proximate result of Plaintiffs' reasonable reliance upon Defendants' promises and Defendants' intention not to perform at the time said promises were made, Plaintiffs have suffered damages under the terms of the policy, as well as other incidental out-of-pocket expenses, in an amount to be proven at the time of trial, but in any event in excess of the jurisdictional limits of the above-entitled court.

35.    As a further proximate result of Plaintiffs' reasonable reliance upon Defendants' promises and Defendants' intention not to perform at the time said promises were made, Plaintiffs, in addition to suffering monetary damages under the terms of the policy, have also suffered, among other things, mental and emotional distress, including anger, frustration, anxiety, worry and humiliation in an amount to be proven at the time of trial, but in any event in excess of the jurisdictional limits of the above-entitled court.

36.    As a further direct proximate result of Defendants' unreasonable and/or fraudulent denial of Plaintiffs' claim, Plaintiffs have been forced to retain legal counsel to obtain the benefits due under the terms of the subject Homeowners Policy and, therefore, Plaintiffs have sustained, and will continue to sustain, further economic damages in the form of attorney's fees and costs in an amount to be shown at the time of trial. Said claim for attorney's fees is allowed under well-established California case law where it is shown that the insurer unreasonably denied policy benefits. Attorney's fees reasonably incurred by an insured to enforce payment of benefits due under an insurance policy are recoverable damages pursuant to cases such as Brandt v. Sup.Ct. (Standard Ins. Co.), (1985) 37 Cal.3d 813, 817, and Campbell v. Cal-Gard Sur. Services, (1998) 62 Cal.App.4th 563, 571-572.

37.    In doing the acts complained of within this cause of action and as a result of such acts as stated and defined hereinabove, Defendants acted with malice, fraud, or oppression, justifying and/or requiring an award of prejudgment interest in such amount to be proven at trial in accordance with California Civil Code §3288.

38.     In doing the acts complained of within this cause of action and as the result of such acts as stated and defined herein above, defendants acted with malice, fraud, or oppression, justifying and/or requiring an award of punitive damages in such amount to be proven at trial in accordance with California Civil §3294.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief)

### (Against All Defendants)

39.     Plaintiffs hereby incorporate by reference paragraphs 1-38 as though fully set forth herein.

40.     An actual controversy has arisen and now exists between Plaintiffs and LIBERTY MUTUAL, in one respect, and Plaintiffs and TUCKER, in another. LIBERTY MUTUAL has taken the position that it owes Plaintiff no payments according to the Liberty Mutual Automobile Policy's "medical payment" coverage for medical and chiropractic treatment provided to Plaintiff's by TUCKER because said unpaid treatment is not "reasonable and necessary" to treat injuries arising from the underlying covered automobile accident. Plaintiffs assert that LIBERTY MUTUAL has a contractual obligation to pay for any and all unpaid medical services provided by TUCKER and submitted to LIBERTY MUTUAL for payment pursuant to the terms of the Liberty Mutual Automobile Policy. Conversely, TUCKER has taken the position that Plaintiffs owes him payments for medical and chiropractic treatment provided to Plaintiffs but not paid by LIBERTY MUTUAL. Plaintiffs assert that, to the extent that TUCKER charged Plaintiffs for medical and chiropractic treatment which was neither reasonable or necessary to treat Plaintiffs' injuries arising from the underlying covered automobile accident, they are not responsible to pay TUCKER for said charges.

41.     Such an adjudication is necessary and appropriate at this time in order that the parties may ascertain their rights and duties with regard to Defendants' activities and conduct and Plaintiffs' responsibility to pay charges, if any, for medical treatment received.

WHEREFORE, Plaintiffs pray for relief as follows:

1.     For general damages in a sum according to proof at trial;

2.     For special damages in a sum according to proof at trial;

---

3.   For reasonable attorneys fees incurred in obtaining benefits due under the policy.

4.   For prejudgment interest in an amount according to proof, pursuant to California Civil Code §3288.

5.   For punitive damages in an amount according to proof pursuant to California Civil Code §3294.

6.   For a declaration of the rights, duties, and obligations of the parties under the Liberty Mutual Automobile Policy and contract for medical and chiropractic services.

7.   For costs of suit; and

8.   For such other and further relief as the court may deem proper.

Dated: March 6, 2008

JUREWITZ LAW GROUP

By: _RJ—_____

ROSS A. JUREWITZ
Attorneys for Plaintiffs,
JUSTINE FISHER and JOSE MARQUEZ

COMPLAINT - 11